UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ENCOMPASS INDEMNITY     §
COMPANY and ENCOMPASS    §
HOME AND AUTO INSURANCE   §
COMPANY,                       §
                                 §
      *Plaintiffs*,         §
                                 §   Civil Action No. 3:21-CV-01650-X
v.                               §
                                 §
GAVIN STEELE, BRITTANY      §
BERNADSKY and IAN WOLF,     §
                                 §
      *Defendants.*       §

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are motions for summary judgment from everybody on whether an underlying incident (that is the subject of separate litigation) amounts to an "accident" under the relevant insurance policies. Encompass Indemnity Co. and Encompass Home and Auto Insurance Co. (collectively Encompass) contend it does not. Doc. No. 22. Defendants Brittany Bernadsky and Gavin Steele in one cross motion for summary judgment, Doc. No. 37, and Ian Wolf in another cross motion for summary judgment, Doc. No. 42, contend the incident was an "accident." All sides agree this is a legal question.

The Court concludes that the incident was an accident. As a result, the Court **GRANTS** Bernadsky and Steel's motion for summary judgment, **GRANTS** Wolf's motion for summary judgment, and **DENIES** Encompass's motion for summary judgment. The Court hereby declares that Encompass owes Wolf a duty to defend

1

the underlying.  The Court holds that any ruling on the duty-to-indemnify claim is premature.  As such, the Court administratively closes and stays this case, pending a filing by a party to reopen the case following a judgment in the underlying lawsuit.

## I. Factual Background

Encompass issued three policies to Wolf.  The first was an auto policy under which Encompass agreed to "pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident."[1] Encompass also issued a homeowners policy to Wolf, which covers an "insured" for damages because of bodily injury or property damages where that injury is "caused by an occurrence to which this coverage applies."[2]  The homeowners policy defines an "occurrence" to mean "an accident, including exposure to conditions, which result in bodily injury or property damage."[3]  The third was a personal umbrella policy for up to $1 million that insured a "covered person" for damages because of bodily injury "caused by an occurrence to which this policy applies."[4]  The umbrella policy defines an occurrence as an "accident . . . resulting in bodily injury or property damages."[5]

The petition in the underlying lawsuit alleges the following relevant facts to this coverage dispute.  Chad Michael Bray and his related entities own a ranch that Wolf, Bernadsky, and Steele were guests at in 2019.  At the end of one evening,

---

[1] Doc. No. 39 at 40.

[2] Doc. No. 39 at 129.

[3] Doc. No. 39 at 118.

[4] Doc. No. 39 at 182.

[5] Doc. No. 39 at 179.

Bernadsky and Steele sought to take a golf cart to the guesthouse.  Bray insisted on driving them in a 2017 Ford Raptor, in which Wolf was also a passenger.  Instead of taking them to the guesthouse, Bray drove to the shooting range on the ranch and then started off-roading, only stopping when getting caught in mud.  When Bray stopped on a hilltop and said "Okay, I'm done now," Wolf responded with "No Chad, nail it!"[6]  Bray accelerated to over 60 mph off road in the dark.  The Raptor left the ground, tumbled, and ejected Bernadsky and Steel.

Bernadsky and Steele filed the underlying suit against Bray, Wolf, and other parties in state district court in Dallas County.[7]  Their claims against Wolf were for "negligence, gross negligence, and negligently assisting, and encouraging the negligence of" Bray.[8]  Their live pleading alleges that Wolf failed "to exercise reasonable care to avoid foreseeable injury to" Bernadsky and Steele.[9]

Encompass then filed this coverage dispute against Bernadsky, Steele, and Wolf, seeking a declaration that it owes no duty to defend Wolf in the underlying suit and no duty to indemnify Wolf or pay damages awarded in favor of Bernadsky and Steele.

## II. Legal Standards

Under Texas law, "the insured bears the burden of establishing coverage under

---

[6] Doc. No. 39 at 215.

[7] The original petition did not name Wolf as a defendant.  When an amended petition added Wolf, Wolf answered and tendered the lawsuit to Encompass for a defense.

[8] Doc. No. 39 at 218.

[9] Doc. No. 39 at 215.

the policy."[10]  If the insured carries that burden, "the insurer must 'plead and prove' that the insured's loss falls within an exclusion to coverage."[11]  "If the insurer succeeds, the pendulum swings and the insured must show that there is an applicable exception to the exclusion that renews coverage."[12]

For duty-to-defend disputes, Texas courts apply the "eight corners" rule and look only to the policy and the pleadings in the underlying suit to determine if the suit implicates the policy and whether exclusions or exceptions apply.[13]  Whether the underlying allegations are true is irrelevant.[14]  But courts must liberally construe allegations and resolve all doubts in favor of the insured.[15]

For duty-to-indemnify disputes, the "facts actually established in the underlying suit control the duty to indemnify."[16]  That means the general rule is that "the duty to indemnify . . . cannot be adjudicated until there has been a judgment in the underlying suit because facts proven at trial may differ slightly from the allegations."[17]  The *Griffin* exception arises "when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility

---

[10] *Covington Specialty Ins. Co. v. USAI LP*, No. 21-10010, 2021 WL 4901485, at *1 (5th Cir. Oct. 20, 2021).

[11] *Id.* (quoting *JAW The Pointe, L.L.C. v. Lexington Ins.*, 460 S.W.3d 597, 603 (Tex. 2015)).

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 656 (Tex. 2009) (cleaned up).

[17] *Hartford Cas. Ins. Co. v. DP Eng'g, L.L.C.*, 827 F.3d 423, 426–27 (5th Cir. 2016).

the insurer will ever have a duty to indemnify."[18]

## III. Analysis

There are three motions for summary judgment.  But all three motions agree that the question of whether there is a duty to defend or indemnify is a legal question for the Court that it can address at the summary judgment stage.  Because all three motions are interrelated, the Court will summarize them and then determine whether the policy requires Encompass to defend Wolf in the underlying suit.

### A.  The Summary Judgment Arguments

Encompass argues that the policies cover accidents, but Wolf's conduct in telling the driver to "nail it" by continuing his off-road driving was the natural result of an intentional act.  This is especially so, Encompass argues, because an objective standard applies, meaning that the damage is no accident if the result ordinarily follows an act, may reasonably be anticipated, and ought to be expected.  Encompass further argues that the underlying petition's claims of negligence do not transform Wolf's intentional conduct into a covered accident because legal theories cannot transform the origin of damages.

As to the duty to indemnify, Encompass admits the general rule that the duty to indemnify should be resolved only after a judgment or settlement in the underlying litigation.  But Encompass argues that precedent of this Court is that if the same reasons that negate a duty to defend also apply to a duty to indemnify, then the duty

---

[18] *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997).

to indemnify is justiciable even before a judgment or settlement in the underlying suit.

Bernadsky and Steele argue that the accident in the Raptor was an accident under all three policies. They contend that the Texas Supreme Court and Fifth Circuit distinguish between intentionally tortious conduct that causes unintended consequences (which is not an accident) and deliberate acts performed negligently (which are accidents). And they argue that the insurer's construction would severely constrict already bargained-for insurance coverage and render other policy exclusions on intentional conduct as mere surplusage. Finally, as to the duty to indemnify, Encompass argues any determination of a duty to indemnify before there is a judgment in the underlying lawsuit is premature.

### B. Duty to Defend

The auto policy and homeowners policy expressly cover accidents.[19] Encompass is not the first insurer to try to convince courts that insureds intend their actions, damage or injury is often foreseeable, and that policies do not cover such claims. Fortunately for this Court, the Texas Supreme Court and Fifth Circuit have rejected that argument.

The policies do not define "accident." So we look to the ordinary meaning, which is "a fortuitous, unexpected, and unintended event."[20]   The Texas Supreme

---

[19] Sure, the umbrella policy defined an occurrence for indemnification to be an accident and omitted a definition of an occurrence for the duty to defend. But there only needs to be coverage for one claim and by one policy for the duty to defend to kick in. Because the Court concludes there is a duty to defend under the auto and homeowners policies, it need not resolve at this stage whether the umbrella policy gives Encompass a third reason to defend.

[20] *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 8 (Tex. 2007).

Court in *Lamar Homes* distinguished between intentional torts and deliberate (but negligent) acts.[21]  Intentional torts are not accidents (and we presume the effect is intended)—so whether effects were intended or not is irrelevant.[22]  On the other hand, deliberate acts performed negligently are accidents "if the effect is not the intended or expected result; that is, the result would have been different had the deliberate act been performed correctly."[23]  So a claim won't involve an accident if either (1) there is an intentional tort, or (2) "circumstances confirm that the resulting damage was the natural and expected result of the insured's actions; that is, was highly probable whether the insured was negligent or not."[24]

If the Texas Supreme Court didn't connect all the dots in *Lamar Homes* (it did), then certainly the Fifth Circuit did in *Frederking v. Cincinnati Insurance Co.*[25] There, the insurer basically argued that "intentional acts are not accidents, and drunk drivers make the intentional choice to drink and then drive."[26]  Sound familiar?  The Texas Supreme Court hadn't bought that logic in *Lamar Homes*, and the Fifth Circuit channeled its inner Dikembe Mutombo on that argument in *Frederking*.  Judge Ho's first sentence was: "Only an insurance company could come up with the policy interpretation advanced here."[27]  After surveying other common

---

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.* at 9.

[25] 929 F.3d 195 (5th Cir. 2019).

[26] *Id.* at 196.

[27] *Id.*

definitions of "accident," the Fifth Circuit concluded that "the term 'accident' is defined by what it excludes—intentional acts."[28]  Sure, the plaintiff in the underlying case intended to drink, but he did not intend to ram into Richard Frederking's car.[29]

The Texas Supreme Court and Fifth Circuit are clear: accidents are accidents. This Court is powerless to go against them.  But they're totally right, so the Court will happily carry forth their distinction.

Applying their logic here, sure, Wolf intended to say "Nail it!" to Bray.  No doubt this was intended to encourage Bray to begin his off-road driving again: driving that is not alleged to have caused bodily injury or property damage at that point.  But no one contends that Wolf intended Bray to flip the car and eject Bernadsky and Steele.  Encompass does point to the underlying petition claiming the injuries were foreseeable when Wolf made his statement.  But that's just been an element of negligence claims for quite some time to limit negligence claims to foreseeable injuries and not all injuries stemming from negligent acts.  It doesn't transform the claim into one about an intentional tort.

To put this case in *Lamar Homes* terms, Wolf's statement was neither an intentional tort (it wasn't pled as such) and Bernadsky and Steele getting ejected was not a natural and expected result of Wolf telling Bray to "nail it."  And to put it in *Frederking* terms, Wolf intended for Bray to resume off road driving, not to eject Bernadsky and Steele.  As a result, the incident meets the ordinary meaning of an

---

[28] *Id*. at 198.

[29] *Id*.

accident, so Encompass owes a duty to defend Wolf at least because of the auto and homeowners policies.

### C. Duty to Indemnify

The Court could only declare Encompass had no duty to indemnify at this stage if (1) it also held there was no duty to defend, and (2) that same logic applied to the duty to indemnify.[30]   Because the Court has declared Encompass has a duty to defend, any declaration about its duty to indemnify before a judgment has occurred would be premature.[31]

### IV. Conclusion

For the above reasons, the Court **GRANTS** Bernadsky and Steele's motion for summary judgment, **GRANTS** Wolf's motion for summary judgment, and **DENIES** Encompass's motion for summary judgment.   The Court hereby declares that Encompass owes Wolf a duty to defend the underlying lawsuit.   The Court holds that any ruling on the duty-to-indemnify claim is premature.   Because a judgment in the underlying lawsuit could make such a request ripe, the Court will not dismiss the request for a declaratory judgment on the duty to indemnify.   Instead, the Court administratively closes and stays this case, pending a filing by a party to reopen the case following such a judgment.

---

[30] *Griffin*, 955 S.W.2d at 84 (stating that the exception applies "when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify").

[31] *Hartford Cas. Ins. Co.*, 827 F.3d at 426–27.

**IT IS SO ORDERED** this 24th day of August, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE